## Leskanic v. General Motors Corporation

*Robert M. Silverman,* for plaintiffs.
*Steven B. Kantrowitz,* for defendant.

KWIDIS, *J.,* March 6, 2008—On July 29, 2005, plaintiffs, Sean and Gloria Leskanic, purchased a new 2005 Pontiac Aztek manufactured and warranted by defendant, General Motors Corporation. It appears that the plaintiffs began to experience problems with the Pontiac Aztek in early 2006.

On March 19, 2006, plaintiffs in consideration of $4,750, paid by General Motors, released and discharged General Motors Corporation:

"from any and all claims, causes of action, demands, damages, and claims for attorney's fees and costs which directly or indirectly arise from, are related to, or are in any way associated with the purchase, repair, maintenance, operation, alteration, or use of releasor(s) 2005 Pontiac Aztek . . . , including but not limited to any claims based on any alleged defects in the subject vehicle . . . ."

The release further states in pertinent part:

"Notwithstanding the above, General Motors Corporation agrees to honor the remaining term of the manufacturer's express limited warranty and any applicable GM protection plans which accompanied the sale of the subject vehicle. If releasor(s) has/have initiated any court, arbitration or other proceeding against General Motors Corporation, releasor(s) immediately will dismiss the proceeding with prejudice."

The Pontiac Aztek's odometer read 12,132 miles on the date that the release was signed by the plaintiffs.

Subsequent to the signing of the release, the first documented warranty repair attempt performed on the Pontiac Aztek occurred on April 6, 2006, when the vehicle's odometer read 13,236 miles. On that date, repair attempts were made to the brake pulsation and the defective front rotors.[1]

The second documented warranty repair attempt occurred on May 22, 2006, when the odometer showed 15,859 miles. On that date, repair attempts were again made to the brake pulsation and the defective rear brake drums.[2]

---

1. Complaint, ¶39, ¶10.
2. Complaint, ¶11.

A third documented warranty repair attempt occurred on June 28, 2006, when the odometer read 17,454 miles. On that date, repair attempts were made to the brake pulsation and the defective tires.[3]

Plaintiffs initiated the above-captioned case by filing a complaint on January 26, 2007 seeking recovery under the Pennsylvania Automobile Lemon Law, Magnuson-Moss Warranty Improvement Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Plaintiffs allege that while defendant has made attempts on several occasions to comply with the terms of its express warranties; such attempts have been ineffective and as a result the Pontiac Aztek continues to "exhibit defects and nonconformities which substantially impair its use, value and/or safety . . . ."[4]

Defendant pled the release as an affirmative defense in new matter.[5] Presently before the court is defendant's motion for summary judgment. Defendant argues that the release bars the instant action and precludes plaintiffs' recovery.

In Pennsylvania, releases are construed according to traditional principles of contract law. A release that is not obtained by fraud, duress or mutual mistake is binding between the parties.[6] The fundamental rule in interpreting a contract is to ascertain and to give effect to the intent of the contracting parties. The effect of a release is to be determined by the ordinary meaning of its language.[7] When contractual language is clear and unequivocal, its meaning must be determined by its contents

---

3. Complaint, ¶12.

4. Complaint, ¶13.

5. New matter, ¶70.

6. *Black v. Jamison,* 913 A.2d 313, 318 (Pa. Commw. 2006).

7. *Black,* 913 A.2d at 318.

alone. The language of a contract is unambiguous if a "court is able to determine its meaning without any guide other than knowledge of the basic facts on which the contract's meaning depends."[8] The terms of a contract are "ambiguous if the terms are 'reasonably or fairly susceptible of different constructions and are capable of being understood in more than one sense. . . .'"[9]

Both plaintiffs and defendant state in their respective briefs that the release was the product of negotiations between the attorneys for both parties. The plaintiffs, with the advice of counsel, signed the release.

The language of the release in effect releases and discharges General Motors from any and all claims directly or indirectly relating to the purchase of the 2005 Pontiac Aztek, but preserves the remaining term of the manufacturer's express limited warranty and any applicable GM protection plans, which accompanied the sale of the Pontiac Aztek. The release is clear that any and all claims, causes of action, demands, damages and claims for attorney's fees and costs which directly or indirectly arise from, are related to, or are in any way associated with the purchase, repair, maintenance, operation or alteration of or use of the Pontiac Aztek are discharged and released. The language of the release specifically precludes any claims based on alleged defects of the Pontiac Aztek.

The instant case involves claims or causes of action, which are directly related to alleged defects of the Pontiac Aztek and the subsequent warranty repair attempts made by General Motors. Plaintiffs, by signing the release, forfeited their right to recover under the Pennsyl-

8. *Id.* at 318.
9. *Id.* at 318.

vania Lemon Law Act, the Magnuson-Moss Act and the Unfair Trade Practices and Consumer Protection Law. In exchange for this release or discharge of claims, plaintiffs were paid $4,750. To now permit plaintiffs to pursue claims under the Magnuson-Moss Act and the Unfair Trade Practices and Consumer Protection Law could ultimately result in a windfall to plaintiffs in that plaintiffs have already been compensated for the problems associated with the Pontiac Aztek.

The plaintiffs may pursue a breach of contract cause of action pursuant to the release agreement language in which General Motors Corporation promises to honor the manufacturer's express limited warranty and any applicable GM protection plans.

Based on the above discussion, defendant, General Motors Corporation's, motion for summary judgment is hereby granted.

## ORDER

And now, March 6, 2008, after argument and consideration, it is hereby ordered and directed that the motion for summary judgment filed by defendant, General Motors Corporation, is hereby granted.

It is further ordered and directed that the plaintiffs, Sean and Gloria Leskanic, shall be granted 30 days in which to amend their complaint so as to assert a breach of contract claim.